CLERK US DISTRICT COURT
NORTHERN DIST. OF TX
FILED
2015 APR 15  AM 11: 17
DEPUTY CLERK_____

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOHNNY WESLEY HURLEY and  <br> MELINDA JANETTE KENNINGTON  <br> *Plaintiff* | § § § § § § § § § § | 3-15CV1149-M  <br>  <br> CIVIL ACTION NO. _____ |
| v. | | |
| CRUM TRUCKING, INC. and  <br> RODNEY RUMSEY  <br> *Defendants* | | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW, JOHNNY WESLEY HURLEY and MELINDA JANETTE KENNINGTON (hereinafter referred to as "PLAINTIFFS"), and files this their Original Complaint complaining of CRUM TRUCKING, INC. (hereinafter referred to as "Crum Trucking" or "Defendant") and RODNEY RUMSEY (hereinafter referred to as "RUMSEY" or "DEFENDANT"), and for cause of action would respectfully show unto the Court as follows:

I.

### Jurisdiction and Venue

(1) This Court possesses jurisdiction of this case pursuant to 28 U.S.C. §1332(c) (1), based upon the complete diversity of citizenship between the parties, as well as 28 U.S.C. §1332 based upon diversity of jurisdiction and the amount in controversy exceeding $75,000.00, exclusive of interest and costs. Plaintiffs are citizens of the State of Texas. The Defendant, Crum Trucking, Inc. is a foreign corporation, is not a citizen of Texas and its principle office is in the State of Indiana. Defendant Rodney Rumsey is not a citizen of Texas and is a citizen of the State of Indiana.

(2) Venue is proper in the Northern District of Texas pursuant to 28 U.S.C. §1391(a), since a substantial part of the events giving rise to this cause of action occurred within this judicial district.

II.

Parties

(3) Plaintiff, Johnny Wesley Hurley, is a resident of Delta County, Texas.

(4) Plaintiff, Melinda Janette Kennington, is a resident of Hopkins County, Texas.

(5) The Defendant, Crum Trucking, Inc., is a foreign corporation organized and existing under the laws of Indiana and is not a citizen of the State of Texas, and is doing business in the State of Texas, and may be served with process by serving them pursuant to the Texas Long Arm Statute §17.044 and §17.045 by serving the Secretary of State of the State of Texas via certified mail, return receipt requested and with instructions that the Secretary of State of the State of Texas shall then forward a duplicate copy of process and the suit papers to its registered agent, Keith R. Crum, 3663 E. Co. Road 1100 North, Batesville, Indiana 47006 via certified mail, return receipt requested.

(6) Defendant, Rodney Rumsey, is an individual residing at 11065 N. Hogan Road, Aurora, Indiana 47001 and is at all material times hereto, was and is doing business in the State of Texas as those terms are defined pursuant to §17.041 et sec. of the Tex. Civ. Prac. & Rem. Code. Defendant, Rodney Rumsey, may be served with process by serving him pursuant to the Texas Long Arm Statute §17.044 and §17.045 by serving the Secretary of State of the State of Texas via certified mail, return receipt requested and with instructions that the Secretary of State of the State of Texas shall then forward a

duplicate copy of process and the suit papers to Rodney Rumsey, 11065 N. Hogan Road, Aurora, Indiana 47001 via certified mail, return receipt requested.

### III.
### Factual Allegations

(7) On or about December 4, 2014 at approximately 1:30 p.m., Plaintiffs, Johnny Wesley Hurley and passenger, Melinda Janette Kennington, were stopped in a westbound lane of Interstate Highway 30 in traffic. The Defendant, Rodney Rumsey, was driving with permission, in the course and scope of his employment with his employer, Defendant, Crum Trucking, Inc., a 2006 Volvo Truck Tractor bearing Indiana License Plate Number 1225703 VIN # 4V4NC9TG37N438054 towing a 2006 Van Trailer bearing Indiana License Plate Number SF592AAE VIN # 1UYVS253176057809 owned by the Defendant, Crum Trucking, Inc. and traveling westbound on Interstate Highway 30 when suddenly and without any warning to Plaintiffs, rearended the vehicle Plaintiffs were in. Due to driver inattention and failure to keep a proper lookout as well as failing to keep a safe distance between Defendant driver's vehicle and Plaintiff's vehicle, Defendant, Rodney Rumsey, struck the rear of Plaintiff's vehicle. By striking the rear of Plaintiff's vehicle Defendant, Rodney Rumsey, caused Plaintiffs to sustain personal injuries as a result of the occurrence.

(8) At all times relevant to this lawsuit, Defendant, Rodney Rumsey, was operating a "commercial motor vehicle" in "interstate commerce", as per 49 C.F.R. parts 383, 387, and 390-399.

(9) At all times relevant to this lawsuit, Defendant, Crum Trucking, Inc., was a "motor carrier" as per 49 C.F.R. parts 383, 387, and 390-399.

(10) At all times relevant to this lawsuit, Defendant, Crum Trucking, Inc., was a "motor carrier" as defined by 49 U.S.C. §13102(14).

(11) At all times relevant to this lawsuit, Defendant, Crum Trucking, Inc., was an "employer" as defined by 49 C.F.R. §390.5.

(12) At all times relevant to this lawsuit, Defendant, Rodney Rumsey, was an "employee" of Defendant, Crum Trucking, Inc., as per 49 C.F.R. §390.5.

(13) Further, at the time the accident made the basis of this lawsuit and at all times material hereto, Defendant, Rodney Rumsey, was an employee of Defendant, Crum Trucking, Inc., and operating a commercial motor vehicle on behalf of Defendant, Crum Trucking, Inc., under and by the authority of Defendant, Crum Trucking, Inc., pursuant to Defendant, Crum Trucking, Inc.'s , Federal DOT Number 572072.

IV.

Cause of Action: Defendant RODNEY RUMSEY

(14) Plaintiffs incorporate by reference paragraphs 1 through 13 above.

(15) Plaintiffs allege that Defendant, Rodney Rumsey, through his acts and omissions, was negligent, and such negligence was a proximate cause of the injuries in questions. Plaintiffs' resulting injuries and damages were proximately caused by one or more of the following acts and/or omissions of negligence on the part of Defendant:

a. In failing to keep such a lookout as would have been kept by a person exercising ordinary care and prudence under the same or similar circumstances;
b. In failing to apply his brakes as would have done by a person exercising ordinary care and prudence under the same or similar circumstances;
c. In traveling at an excessive rate of speed as would have been done by a person exercising ordinary care and prudence under the same or similar circumstances;
d. In failing to maintain a safe distance between Defendant's vehicle and Plaintiff's vehicle as would have been done by a person exercising ordinary care and prudence under the same or similar circumstances;
e. In rear ending Plaintiff's vehicle;
f. In tailgating Plaintiff's vehicle; and
g. Defendant was negligent in other respects.

(16) Defendant, Rodney Rumsey's acts and/or omissions also breached a legislatively imposed standard of conduct, and thus constituted negligence per se. In this regard, Defendant, Rodney Rumsey, violated the standards of conduct set forth in Tex. Trans. Code §545.062(a), 545.351(a) and (b), and 49 C.F.R. §392.2.

V.

Cause of Action: Defendant Crum Trucking, Inc.

(17) Plaintiffs incorporate by reference paragraphs 1 through 16 above.

(18) Plaintiffs would further show that at the time of the accident made the basis of this lawsuit, Defendant, Rodney Rumsey, was an employee of Defendant, Crum Trucking, Inc., and acting within the course and scope of his employment for Defendant, Crum Trucking, Inc., and in the furtherance of the business interest and pursuits of said Defendant. In this regard, Plaintiffs hereby invoke the Doctrine of Respondent Superior and therefore alleges and contends that each negligent act/or omission on the part of Defendant, Rodney Rumsey, is imputed to Defendant, Crum Trucking, Inc. ,and Defendant, Crum Trucking, Inc., is vicariously liable for all negligent and grossly negligent acts and/or omissions alleged herein to have been perpetrated by its employee driver.

(19) Plaintiff would further show that at the time the accident made the basis of this lawsuit occurred, Defendant, Rodney Rumsey, was, and is considered a statutory employee of Defendant, Crum Trucking, Inc., pursuant to Title 49 §14102 of the United States Code and also per 49 C.F.R. §390.5 and contends that Defendant, Crum Trucking, Inc., is vicariously liable for all negligent and grossly negligent acts and/or omission of its employee driver.

(20) Plaintiffs would further show that prior to the time the collision occurred, Defendant Crum Trucking, Inc., was the owner and was in possession, custody and control of the truck tractor driven by Defendant, Rodney Rumsey, on the date of the accident made the basis of this lawsuit. On or about December 4, 2014, Defendant, Crum Trucking, Inc., directed Defendant, Rodney Rumsey, to use the vehicle in question for the purposes of operating it on the public streets and highways of Texas and, therefore, Defendant, Rodney Rumsey, operated said vehicle with the knowledge, consent and permission of Defendant, Crum Trucking, Inc..

(21) Plaintiffs would further show that Defendant, Crum Trucking, Inc., was the owner of the vehicle that was being driven by Defendant, Rodney Rumsey, at the time of the accident made the basis of this lawsuit.  Defendant, Crum Trucking, Inc., was negligent in entrusting the vehicle to Defendant, Rodney Rumsey, who was a careless, incompetent and reckless driver. Defendant, Crum Trucking, Inc., knew or should have known that Defendant, Rodney Rumsey, was a careless, incompetent and reckless driver.  Defendant, Crum Trucking, Inc., was negligent in entrusting the vehicle to its employee, Defendant, Rodney Rumsey, which in turn was a proximate cause of the collision and the accident made the basis of this lawsuit and the resulting injuries and damages to Plaintiff.

(22) Plaintiffs further allege that Defendant, Crum Trucking, Inc., through its acts and/or omissions, was negligent, and such negligence was a proximate cause of the accident and injuries in question.  Plaintiff's resulting injuries and damages were proximately caused by one or more of the following acts of negligence on the part of Defendant, Crum Trucking, Inc.:
   a. In hiring and/or retaining its employee driver;
   b. In allowing its employee to drive the vehicle in question; and
   c. In failing to instruct, supervise, and control its employee driver.

(23) Plaintiffs further allege that Defendant Crum Trucking, Inc., by and through its acts and/or omissions, and of its employee driver as set out and plead for above and below, exceeded the test for negligence and committed acts and/or omissions of gross negligence that amounted to more than momentary thoughtlessness, inadvertence or error of judgment.  Plaintiffs allege that said acts and/or omissions amounted to such an entire want of care as to establish that the act or omission was the result of actual conscious indifference to the rights, safety or welfare of Plaintiffs.  Plaintiffs further allege that the Defendants' acts and/or omission of gross negligence created an extreme degree of risk to Plaintiffs.  Plaintiffs further allege that the Defendants' acts and/or omissions of gross negligence, when viewed objectively from the standpoint of the Defendants at the time of its occurrence, involved an extreme degree of risk considering the probability and magnitude of potential harm to others, including Plaintiffs.  Plaintiffs further allege that the Defendants had actual subjective awareness of the risk involved but, nevertheless,

proceeded with conscious indifference to the rights, safety and welfare of Plaintiffs. In this regard, Plaintiffs therefore seeks punitive and/or exemplary damages.

VI.

Damages

(24) Plaintiff, Johnny Wesley Hurley, damages include past, and probable future loss, which includes:

a. Pain and mental anguish;
b. Physical and mental impairment
c. Disfigurement;
d. Loss of Wages;
e. Loss of Wage Earning Capacity; and
f. Necessary medical, psychological, psychiatric, therapeutic, pharmaceutical, and hospital care, including rehabilitative services and devices.

(25) Plaintiff, Melinda Janette Kennington, damages include past, and probable future loss, which includes:

a. Pain and mental anguish;
b. Physical and mental impairment
c. Disfigurement;
d. Loss of Wages;
e. Loss of Wage Earning Capacity; and
f. Necessary medical, psychological, psychiatric, therapeutic, pharmaceutical, and hospital care, including rehabilitative services and devices.

(26) Plaintiffs respectfully request a trial by jury on all issues.

(27) Plaintiffs seek judgment against Defendants, jointly and severally, for their actual damages set forth above, punitive/exemplary damages together with pre-judgment and post-judgment interest at the legal rate, cost of court, and such other relief to which Plaintiff may be justly entitled.

Respectfully submitted,

s/Jimmy M. Negem
Jimmy M. Negem
State Bar No. 14865500

Joe M. Worthington
State Bar No. 22009950
Negem & Worthington
440 South Vine Ave.
Tyler, Texas  75702
903.595.4466 (telephone)
903.593.3266 (facsimile)

AND

**LUKE BICKHAM, P.C.**
LUKE F. BICKHAM
State Bar No.  00787080
 515 S. Vine
Tyler, Texas   75702
(903) 533-8820 Telephone
 luke@lukebickham.com

**ATTORNEYS FOR PLAINTIFF**

JS 44-TXND (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

**I. (a) PLAINTIFFS**
Johnny Wesley Hurley and Melinda Janette Kennington

**DEFENDANTS**
Rodney Rumsey and Crum Trucking, Inc.

3-15CV1149-M

**(b)** County of Residence of First Listed Plaintiff: Delta
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: _____
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

APR 15 2015
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Law Office of Negem & Worthington, 440 South Vine Ave., Tyler, Texas 75702 (903) 595-4466
Luke F. Bickham, 515 S. Vine, Tyler, Texas 75702 (903) 533-8820

Attorneys *(If Known)*

**II. BASIS OF JURISDICTION** *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| | ☐ 340 Marine | | | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability / **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☒ 350 Motor Vehicle / ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury / ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 196 Franchise | ☐ 362 Personal Injury - Medical Malpractice / ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights / **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 220 Foreclosure | ☐ 441 Voting / ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment / ☐ 510 Motions to Vacate Sentence | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations / ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / **Other:** ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education / ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | | |
| | ☐ 555 Prison Condition | | | |
| | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

**V. ORIGIN** *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. §1332
Brief description of cause:
car wreck

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $ _____
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

**VIII. RELATED PENDING OR CLOSED CASE(S) IF ANY** *(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE: 4/14/15
SIGNATURE OF ATTORNEY OF RECORD: [signature]

**FOR OFFICE USE ONLY**
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____