IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **JOHNNY WESLEY HURLEY and** | § | |
| **MELINDA JANETTE KENNINGTON,** | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 3:15-CV-1149-M (BH)** |
| | § | |
| **CRUM TRUCKING, INC. and** | § | |
| **RODNEY RUMSEY,** | § | |
| | § | |
| **Defendants.** | § | |

<u>**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**</u>

Pursuant to the order of reference dated April 18, 2016 (doc. 31), before the Court is *Plaintiff Johnny Wesley Hurley's Motion to Dismiss Without Prejudice or Alternatively Motion to Withdraw,* filed April 14, 2016 (doc. 30). Based on the relevant filings and applicable law, the plaintiff's motion should be **GRANTED**, and his claims should be dismissed without prejudice.

## I. BACKGROUND

Johnny Wesley Hurley (Plaintiff) and Melinda Janette Kennington filed this action on April 15, 2015, after a collision involving a motor vehicle in which they were riding and an 18-wheel truck operated by Rodney Rumsey in the course of his employment with Crum Trucking, Inc. (*See* doc. 2.) After the defendants answered on June 1, 2015, and the parties filed their scheduling proposal on July 16, 2015, the Court entered a scheduling order on September 9, 2015. (*See* docs. 6, 11, 14.) The scheduling order set the case for trial on the three-week docket beginning June 13, 2016. (doc. 14.)

On April 14, 2016, Plaintiff moved to dismiss his case without prejudice because of a "difference of opinion and conflict" with his counsel, so that he could seek the services of another

attorney and refile his claim within the appropriate statute of limitations.  (*See* doc. 30 at 1.)[1]  He contends that the defendants will not be prejudiced because the truck driver conceded during his deposition that the accident was his fault, thereby admitting liability, and that the trial will basically be about the damages.  (*Id.* at 2.)  He also contends that he and the other plaintiff each have separate treating doctors, so there will be no overlap in evidence of damages, and no additional time or expense will be incurred if his claims are dismissed without prejudice.  (*Id.*)  Plaintiff also moved, in the alternative, to allow his attorneys to withdraw.  (*Id.*)  The motion notes that the defendants object to dismissal without prejudice but do not oppose allowing the attorneys to withdraw.  (*Id.* at 3.)  The defendants did not respond to the motion.

## II. ANALYSIS

The plaintiff moves to dismiss his claims without prejudice under Fed. R. Civ. P. 41(a)(2).

Rule 41(a)(2) of the Federal Rules of Civil Procedure provides that after a defendant serves either an answer or a motion for summary judgment, and if it does not consent to voluntary dismissal, an action may be dismissed on the plaintiff's request only by court order on terms it considers proper.  Fed. R. Civ. P. 41(a)(2); *In re FEMA Trailer Formaldahyde Products Liability*, 628 F.3d 157, 162 (5th Cir. 2010); *Hyde v. Hoffmann-La Roche, Inc.*, 511 F.3d 506, 509 (5th Cir. 2007); *Elbaor v. Tripath Imaging, Inc.*, 279 F.3d 314, 320 (5th Cir. 2002).  Unless the order otherwise states, a dismissal under Rule 41(a)(2) is without prejudice.  Fed. R. Civ. P. 41(a)(2).  The decision whether an action should be dismissed under this rule is within the sound discretion of the court.  *Schwarz v. Folloder*, 767 F.2d 125,129 (5th Cir. 1985) (citing *La-Tex Supply Co. v. Fruehauf Trailer Division*, 444 F.2d 1366, 1368 (5th Cir. 1971)).  Notwithstanding this discretion, voluntary

---

[1] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

dismissals "should be freely granted unless the non-moving party will suffer some plain legal prejudice other than the mere prospect of a second lawsuit." *Elbaor*, 279 F.3d at 317 (citing *Manshack v. Southwestern Elec. Power Co.*, 915 F.2d 172, 174 (5th Cir. 1990)). The primary consideration is whether the non-movant would be prejudiced or unfairly affected. *Id.* at 317-18.

Courts have found plain legal prejudice when the plaintiff moves to dismiss the case at a late stage of the proceedings after the parties have exerted significant time and effort, the plaintiff seeks to avoid an imminent adverse ruling, or if dismissal would cause the defendant to be stripped of an otherwise available defense if the case were to be re-filed. *See In re FEMA Trailer Formaldahyde Products Liab. Litig.*, 628 F.3d at 162-63; *Hartford Acc. & Indem. Co. v. Costa Lines Cargo Servs., Inc.*, 903 F.2d 352, 360 (5th Cir. 1990). Courts finding plain legal prejudice have often noted a combination of these factors. *See In re FEMA Trailer Formaldahyde Products Liab. Litig.*, 628 F.3d at 163 (affirming finding of prejudice based on the size and scope of a multiparty ligation where dismissal without prejudice was requested after trial date had been set for six months, it would require the court to re-align the parties, the re-alignment would almost surely add a different group of subsidiary defendants, the defendants would not be spared the continuing costs of legal defense because other plaintiffs remained, their investment in trial preparation would be wasted, and the other plaintiffs would be disadvantaged); *U.S. ex rel. Doe v. Dow Chemical Co.*, 343 F.3d 325 (5th Cir. 2003) (affirming a finding of prejudice where the plaintiff sought dismissal nine months after suit was filed, the parties had filed responsive pleadings, motions to compel, motions for expedited hearing, motions to dismiss, motions for oral arguments, and a motion for rehearing, the plaintiff's case could be construed as having been substantially weakened when the United States declined to intervene, and counsel had been sanctioned by the district court for failure to participate in the discovery process); *Davis v. Huskipower Outdoor Equip. Corp.,* 936 F.2d 193, 199 (5th Cir.1991)

(affirming finding of prejudice where motion to dismiss was filed after a year had passed since removal of the case, the parties had spent months filing pleadings, attending conferences, and submitting memoranda, and a magistrate judge had issued a recommendation adverse to the moving party's position); *Hartford Acc. & Indem. Co.*, 903 F.2d at 360 (affirming finding of prejudice where dismissal was requested nearly ten months after removal of action, hearings had been conducted on various issues, significant discovery had occurred, a defendant had already been granted summary judgment, and a jury trial had been set for the remaining defendants); *compare John M. Crawley, L.L.C. v. Trans-Net, Inc.*, 394 F. App'x 76 (5th Cir. 2010) (finding no prejudice where only seven months had elapsed between removal and the motion to dismiss, no dispositive motions had been filed, and depositions had not begun).

In this case, the defendants did not respond or allege that they would be prejudiced or unfairly affected by a dismissal of Plaintiff's claims at this stage of the proceedings. Only one of the relevant factors is present. Plaintiff moves to dismiss the case after a year of litigation, and two months before the first trial setting. His motion is based on his differences with his attorneys, not to avoid any imminent adverse ruling–no summary judgment motions were filed, and the defendants filed their motion for partial dismissal *after* Plaintiff moved to dismiss his case. While the defendants have expended some time and effort to defend this case, the facts in this case do not rise to same level of time and effort exerted in those cases where plain legal prejudice has been found. There is no evidence of significant expenses that the defendants incurred during the discovery process or litigation. Nor is there any allegation that they would be deprived of any defense. There is no response to Plaintiff's contentions that liability has essentially been conceded, that the evidence at trial will focus on damages, and that there will not be a duplication of time or expense for the parties because the evidence of damages for each plaintiff is different. No plain legal prejudice to

the defendants has been shown or is apparent under the circumstances, other than the mere prospect

of a second lawsuit, and the voluntary dismissal should be freely granted.

## III.  RECOMMENDATION

Plaintiff's request to dismiss his claims without prejudice should be **GRANTED**.

**SO RECOMMENDED** on this 16th day of May, 2016.

_IRMA CARRILLO RAMIREZ_
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_IRMA CARRILLO RAMIREZ_
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE